# EXHIBIT A

EFiled: May 28 2024 11:29AM EDT
Transaction ID 73241479
Case No. N24C-05-262 FJJ

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ALLISON BAVER<br><br>Plaintiffs,<br><br>v.<br><br>FOX CORPORATION<br>FOX BUSINESS<br>MEGAN HENNEY<br>FOX 35 ORLANDO<br>FOX 13 TAMPA<br>FOX 29 PHILADELPHIA<br>FOX 11 LOS ANGELES<br>FOX 5 ATLANTA<br>et al.<br><br>Defendants | COMPLAINT<br><br>Case No. N24C-05-262 FJJ<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Allison Baver (hereinafter, "Plaintiff") hereby allege and complain of Defendants as follows:

**PARTIES**

1. Plaintiff Allison Baver (sometimes referred to as "Ms. Baver") is an individual and the owner of Allison Baver Entertainment LLC (sometimes referred to as "ABE"). ABE is a Delaware Limited Liability Company and classified as Motion Picture and Television Production.

2. Defendant Fox Corporation (sometimes referred to herein as "FOX") is a Delaware corporation with offices in New York and is organized under the laws of Delaware. FOX produces and distributes news, sports and entertainment and operates through its brands,

FoxNews Media, Fox Sports, Fox Entertainment, Fox Television Stations including Fox Business Channel, Fox News Radio and Fox Digital which includes fox.com, foxiness.com and foxbusiness.com websites, Fox's social media accounts, Fox's digital subscription services, such as Fox Nation, which it refers to collectively as "Fox News Media".  Fox's 2022 Annual Report boasts, "The FOX portfolio combines the range of national cable and broadcast networks with the power of tailored local television.  FOX News and FOX Business are available in over **70 million** U.S. households and the FOX Network is available in essentially all U. S. Households.  Additionally, our 29 owned and operated television stations cover 18 DMAs, including 14 of the 15 largest, and maintain duopolies in 11 DMA's, including New York, Los Angeles, and Chicago, the three largest."[1]  Fox self-proclaims that Fox News Media reaches **200 million** people each month. [2]  In 2000, Fox News Digital reported that its 'digital network earned **24 billion** multi-platform views" and "**54 billion** total Multiplatform minutes".[3]

3.     Defendant Fox Business (sometimes referred herein as FB), officially known as Fox Business Network, is a news channel and website publication under the "Fox News Media" brand of FOX.

4.     Defendant Megan Henney (sometimes referred to herein as "HENNEY") is an individual, who, upon information and belief, is a reporter for Fox Business Network and Fox News Media.

5.     Defendants FOX 35 Orlando, FOX 13 Tampa, FOX 29 Philadelphia, FOX 11 Los

---

[1] FOX Annual Report (2022) https://media.foxcorporation.com/wp-content/uploads/prod/2022/09/19142833/FOX-2022-Annual-Report_Final_Web.pdf.

[2] Fox News Digital Surpasses New York Times and Washington Post in Every Performance Metric (Mar.17, 2021),Fox News, http://press.foxnews.com/2021/03/fox-news-digital-surpasses-new-york-times-and-washington-post-in-every-key-performance-metric/.

[3] Fox News Digital Network Delivers Record Year, Fox News (Jan. 25, 2021),http://press.foxnews.com/2021/01/fox-news-digital-network-delivers-record-year

Angeles, FOX 5 Atlanta, et al. relative area news stations owned by Fox Corporation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper under Article IV, Section 7, of the Delaware Constitution, Section 541 of Title 10 of the Delaware Code, and Section 3104 of Title 10 of the Delaware Code.

7. This Complaint requests damages in excess of seventy five thousand ($75,000).

8. This Court has personal jurisdiction over Defendants because FOX maintained or maintains their principle place of business in Delaware, Defendants hav sufficient contacts with Delaware to give rise to the current action, have continuous and systematic contacts with Delaware, or have consented either explicitly or implicitly to the jurisdiction of this Court incorporated in Delaware and/or licensed to do business in Delaware, and has or does derive substantial revenue from Delaware or engages in a persistent court of conduct in Deleware and/or has caused tortious injury in Delaware.

9. Additionally, jurisdiction is proper over non-resident Defendants and with respect to FOX subsidiaries, each non-resident parent is FOX who controls or has controlled decisions about marketing, advertising, publishing, distributing. As agents of their parent, subsidiaries conducted activities at the direction of their parent companies and specifically furthered the parents campaign of misleading readers though re-publishing verifiably false and devastating lies about Ms. Baver to increase their own benefit and the sales of their parent. Therefore, the subsidiaries' jurisdiction activities are property attributed to the parent and serve as a basis to assert jurisdiction over the non-resident deferent parents. Together, their system of recklessly publishing and re-Publishing lies about Ms. Baver to bait readers, gave life to the fabricated storyline they created about Ms. Baver to  increase the overall revenues of FOX, all while Ms. Baver has suffered,

irreparably harm.

## FACTUAL BACKGROUND

### Allison Baver

10. Ms. Baver is a business owner, multi-hyphen producer and actress who enjoyed some notoriety in connection with her Olympic successes in years past. At present, and at all times relevant, Ms. Baver is not and has not been a public figure for any purpose relevant to these claims.

### COVID-19 and the Paycheck Protection Program

11. Shortly after the onset of the worldwide COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The PPP was part of the Cares Act and was a business loan program backed by the Small Business Administration ("SBA").

12. Lenders were given delegated authority to make and approve loans and all business with 0 - 500 employees were eligible to receive and apply for the PPP loan up to $10,000,000, including new and seasonal business. Like most small businesses in the entertainment industry, the COVID-19 pandemic threatened ABE's ability to carry on its operations. Due to the economic consequences of COVID-19 and its restrictions, the entertainment industry, in the "gig" economy, experienced a shut-down.

13. Ms. Baver represented ABE as the owner, registered agent and authorized signer.

14. ABE applied for a PPP loan with Meridian Bank, a Pennsylvania financial institution that specializes in SBA loans.

15. ABE's loan was approved and funded by Meridian Bank.

### Megan Henney

16. Megan Henney is an educated and seasoned journalist for Fox News Media and

Fox Business who graduated from Penn State University, the same alma mater Ms. Baver. Megan Henney also served as editor and reporter for Penn State at The Daily Collegian.

## DEFAMATORY NEWS ARTICLES

17. Fox, well known to be one of the most powerful media companies in the United States incited and gave life to a fictitious storyline when on January 21, 2022, Fox Business, published an article with a fake headline, authored by Megan Henney entitled:

*"Olympic Medalist accused of stealing millions in Covid-19 relief money" ... "Allison Baver accused of siphoning $10M in Payment Protection Program funds." (The Story).* [4]

This action has its roots in a tortious, reckless, and defamation. These statements found in the Story are falsehoods, misleading, and led to unfairly insinuate, as fact, that Ms. Baver was accused of specific crimes of stealing, theft, and the personal siphoning of funds. The Story gives these lies prominence by disregarding ABE, purporting that Ms. Baver was operated an illegitimate company. FOX brands re-published the Story endorsing this lie about Ms. Baver and did so willfully, recklessly, and with malice knowing that the statements this harsh would cause severe, irreparable harm. The statements in the Story were not verified and are libelous, defamatory and fabricated exclusively by FOX.

18. As FOX set out to bait readers, the Story and lies were widely re-published by FOX multiple times on January 21, 2022 and January 22, 2022 where FOX fabricated allegations against Ms. Baver. FOX brands re-published and endorsing this lie about Ms. Baver and did so willfully, recklessly, and with malice knowing that the statements this harsh would cause severe, irreparable harm. Causing further and widespread harm, the article was re-published January 21, 2022 by FOX 35 Orlando, FOX 13 Tampa, FOX 29 Philadelphia, FOX 11

---

[4] Fox Business Story by Megan Henney "Olympic medalist accused of stealing millions in COVID-19 relief money…Allison Baver accused of siphoning $10M in Paycheck Program funds" https://www.foxbusiness.com/money/covid-relief-money-scams

Los Angelos, FOX 5 Atlanta on their own FOX news branded publication websites, some of which also lured readers on their social media platform with the recklessly false headline, "Allison Baver accused of siphoning $10m in Paycheck Protection Program fund" and with a link to the full article also on their local website using the bait, "Olympic medalist accused of stealing millions in COVID-19 relief money".  This cruel and harsh Story was re-published, and re-published again and a again across the country in major markets by FOX tainting Ms. Baver's name and her name, image and likeness featuring a picture of Ms. Baver competing at the U.S Olympic Short Trail Trials from her days as a member of the U.S. Speed Skating team and a second photos of Ms. Baver falling at the US Single Distance Championships.  The Story even goes as far as explains the first photo in the article as "Allison Baver competes…" and the second photo is described as "Allison Baver falls…" and shows a photo of Ms. Baver falling and sliding across the ice, strongly targeting Ms. Baver and clearly aimed to taint Ms. Baver's personal image and reputation.

19.     These republished articles across FOX contain the same Story and lies created by HENNEY which was first published and authored "by Megan Henney, Fox Business":

  a.  "Olympic medalist accused of stealing millions in Covid-19 relief money"
  b.  "Allison Baver accused of siphoning $10M in Paycheck Protection Program funds" (does not appear is all re-publishing,
  c.  "In others she said she had 430 workers"
  d.  "But the indictment alleges that Baver actually had no employees or monthly payroll'.

20.     FOX's endorsed these republished articles leaving readers with the lie and

sensationalized false narrative that Ms. Baver, siphoned, stole money and is a thief - all lies unsupported by any fact and is only fiction created for FOX. The Story was republished by FOX on Fox11 LA where they Tweeted at 9:30pm on January 21, 2022, "Allison Baver accused of siphoning $10M in Paycheck Protection Program Funds" a photo of Ms. Baver and link to the t he FB article posted on their website, titled "Olympic medalist accused of stealing millions in covid-19 relief money" on their website, with the same photos aimed to taint Ms. Baver's name, image and likeness and misleading readers to believe that Ms. Baver personally used the PPP loan for herself, including a link to their website which re-published the FB article titled, "Olympic medalist accused of stealing millions in covid-19 relief money" on their FOX branded website.

21. And if that wasn't enough, Fox 29 Philadelphia, located close to Ms. Baver's hometown, went to Facebook to post January 22, 2022 with the headline, "Allison Baver Accused of Siphoning $10M in Paycheck Protection Program Funds" and a photo of Ms. Baver skating, misleading readers to believe that Ms. Baver personally used the PPP loan for herself, " Olympic medalist accused of stealing million of covid-19 relief money." This included a link to the FB article republished on their own news FOX news branded publication website. A link to the Fox29 Philadelphia Story is on Ms. Baver wikipedia bio.

22. Fox had reckless disregard for the truth. Fox's false headline is unsupported by evidence or indictment and intentionally choosing to publicly guilt Ms. Baver of serious crimes. FOX published their preconceived narrative and continued to publish these lies. The publication purports their fabricated statements to be true by intentionally misrepresenting an indictment, using independent, unrelated quotes, indirect name calling such as "thief", using different

scenarios unrelated to Ms. Baver with the intent to falsely frame Ms. Baver as guilty of the criminal accusation created by FOX. Fox intentionally, falsely reported that Ms. Baver was accused of personally "siphoning $10 million dollars in Paycheck Protection Program ("PPP") funds" despite having no reliable basis to make that false, defamatory statement. FOX disregards ABE and gives readers no true knowledge about the PPP loan or the daily updates being made at the time of ABE's applications., which was at the very beginning of the roll-out of the PPP loan and amid mixed messages and information coming from many different directions, and the white water rapids business's and owners faced in navigating the crisis. The false accusations of grand theft and siphoning funds are made with specify using Ms. Baver's full name, a specific dollar amount and lists the type of funds - because these extreme lies were good for FOX business click bait. This was designed exclusively by FB to mislead readers and with intent to recklessly and unfairly harm Ms Baver. To further defame Ms. Baver they tainted her name, image and likeness as Olympic medalist and business owner and was made with malice. HENNEY accused Ms. Baver of crimes unsupported by any indictment.

23. Fair reporting and the the truth matters. We have a moral duty to uphold the truth and political values to prevent injustices. There are consequences for lies. If falsified accusations of crimes do not rise the level of defamation, then what would. Ms. Baver brings this lawsuit to clear her name, vindicate her rights and to recover damages for the devastating harm done to her.

24. As a direct result of the Story, Ms. Baver has lost name, image, and likeness opportunities, including, but not limited to, keynote speaking, spokesperson, modeling, multi-hyphen producing, acting, and sports personality work as a host and any and all other work

possibilities in any industry at all. FOX false accusations in an of themselves are not possible to overcome, the damage is done and it is paralyzing for Ms. Baver.

25. Ms. Baver as also suffered irreparable reputation damage and irreparably harmed by the widespread false allegations made by FOX.

26. After publication of the Story, Ms. Baver lost significant business opportunities and relationships.

27. As a result of the Story, Plaintiff has suffered substantial reputation damage and pecuniary injury.

28. As a result of the Story, Plaintiff have suffered emotional distress.

29. The damage suffered by Plaintiff, as a result of these defamatory statements, has been devastating, as set forth below.

## FIRST CAUSE OF ACTION

### (Defamation and Defamation Per Se)

30. Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

31. Defendants published and re-published statements libelous statements about Plaintiffs that were false, defamatory, and imply that Ms. Baver committed the crimes of stealing millions and siphoning funds.

32. Specifically, Defendants published the following false statements:

    a.    "Olympic medalist accused of stealing millions in Covid-19 relief money"

    b.    "Allison Baver accused of siphoning $10M in Paycheck Protection Program funds"

    c.    "In others she said she had 430 workers"

    d.    "But the indictment alleges that Baver actually had no employees or monthly payroll'.

33. These statements are fabricated, misleading and defamatory state that Ms. Baver allegedly committed specific crimes by using her full name, image and likeness, fabricating a specific dollar amounts, the type of funds and gives these fictions provinces by disregarding ABE and framing ABE as an illicit company by omissions and reckless disregard for the truth.

34. Had Defendants not mislead readers about the reported indictment to further harm Ms. Baver and Ms. Baver would not have been unfairly devastated by these outrageous falsities.

35. Had Defendant taken reasonable efforts to fairly educate readers on the PPP loan, readers could have learned the truth.

36. Had Defendant taken the time to reach out to Ms. Baver or counsel for a statement, because HENNEY had resources at Penn State to do that FOX could have avoided having reckless disregard for the truth, but choose not to.

37. Defendants' statements are all defamatory per se, since they are of such common notoriety that their injurious character may be presumed from the words alone. The implication of these statements is that Ms. Baver stole millions and siphoned funds from the Federal Government, actions that specify criminal conduct. Furthermore, they accuse and imply that Ms. Baver acted incompatibly with the existence of a lawful business, trade, profession, or office.

38. On information and belief, Defendants intended that these false impressions would be conveyed by the Story, or they conducted themselves with such a degree of gross negligence and/or recklessness that such intent should be imputed to them.

39. Defendants' published statements are not protected under any legal privilege.

40. The statements caused significant pecuniary harm to Plaintiffs and will continue to do so.

41. Plaintiffs are entitled to actual and presumed damages in an amount to be proven at trial, but not less than $1,000,000.

42. Defendants' conduct was intentional or was reckless, and Plaintiffs are also entitled to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Relations)

43. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

44. Plaintiffs enjoyed a strong reputation and had reasonable expectations of economic relationships with numerous people within the surrounding communities and within the relevant industry.

45. Defendants were aware or should have been aware that Plaintiffs depend on reputation to earn income, that word-of mouth referrals are critical to Plaintiffs' business, and that false and defamatory media about Plaintiffs would travel quickly to Plaintiffs' business contacts.

46. Defendants published false and defamatory statements about Plaintiffs as set forth above. These statements were wrongful and constitute an intentional interference by improper means in Plaintiffs' prospective economic relations.

47. Defendants' published statements are not protected under any legal privilege.

48. As a result of Defendant's published statements, Plaintiffs were deprived of the benefits of numerous relationships, which would have provided substantial revenue with which Plaintiffs would have been able to further build their business.

49. Plaintiffs have suffered significant economic and reputation injuries as a result of this interfering conduct.

50. Plaintiffs are entitled to actual damages in an amount to be proven at trial but not less than $1,000,000.

51. Defendants' conduct was intentional or was reckless, and Plaintiffs are also

entitled to punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (False Light Invasion of Privacy)

52. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

53. Defendants made public statements about Plaintiffs in the form of the Story, published by FOX. The statements were false.

54. Defendants knew and intended that the public statements would be read by the general public.

55. Defendants' statements about Plaintiffs invaded their privacy and painted them in a false light.

56. Defendants knew that the Story would be highly offensive to Plaintiffs.

57. To be publicly and falsely accused of stealing millions and siphoning funds is a federal crime and highly offensive to a reasonable person and was offensive to Plaintiffs.

58. Defendants knew and intended that the statements would cause harm to Plaintiffs.

59. Defendants' published statements are not protected under any legal privilege.

60. Plaintiffs have been damaged by the false light invasion of privacy based on the false and defamatory statements made by Defendants.

61. Defendants' reckless indifference to Plaintiffs' rights is so egregious as to constitute unjust hardship on Plaintiffs and a conscious disregard for Plaintiffs' rights. As such, an award of exemplary and punitive damages is justified.

### FOURTH CAUSE OF ACTION

### (Permanent Injunction)

62. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

63. Plaintiffs are likely to succeed on the merits of their claims.

64. Plaintiffs will suffer irreparable harm unless an injunction is granted, including, but not limited to, the loss of personal and professional reputation among friends, family, acquaintances, business associates, prospective investors, business partners, and the community.

65. Legal remedies will not adequately compensate Plaintiffs for these grievous harms, given the long-lasting and immeasurable effects of such reputation losses.

66. The balance of hardships between Plaintiffs and Defendants favors Plaintiffs because the injuries incurred by Plaintiffs, and which are likely to continually be incurred by Plaintiffs as a result of Defendants' actions, far exceeds any harm that would be imposed on Defendants as a result of being prohibited from disseminating the improper statements.

67. Issuance of an injunction will not adversely affect the public interest because prohibiting Defendants from making or re-publishing defamatory statements and implications and taking other tortious actions as detailed herein benefits the public's interest in protecting private reputations against unlawful attacks.

68. Accordingly, Plaintiffs are entitled to a permanent injunction barring Defendants from circulating or otherwise publishing the statements detailed herein.

## JURY DEMAND

Plaintiffs demand a jury to adjudicate the facts of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. Under the First, Second, and Third Causes of Action, judgment awarding Plaintiffs damages in an amount to be proven at trial, not less than $1,000,000, plus prejudgment interest, court costs, and such other relief as the Court deems just;

      2.      Under the Fourth Cause of Action, a permanent injunction barring Defendants from circulating or otherwise publishing any of the statements described herein;

      3.      Under the First, Second, and Third Causes of Action, for punitive damages as the Court or the finder of fact deems appropriate; and

      4.      Plaintiffs' fees, costs of suit, and other relief as the Court deems just.

DATED this 19th day of January 2024.

**Allison Baver**

/s/Allison Baver

Allison Baver "Pro Se"

Allison Baver Entertainment LLC

651 N Broad St. STE 205 #8805

Middletown, DE 19709

media@allisonbaver.com

*Plaintiff*

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: May 28 2024 11:29AM EDT
Transaction ID 73241479
Case No. N24C-05-262 FJJ

COUNTY: ✓ N   K   S           CIVIL ACTION NUMBER: N24C-05 262 F

| Caption: | Civil Case Code: **CDEF** |
|---|---|
| | Civil Case Type: **Defamation** |
| | (SEE REVERSE SIDE FOR CODE AND TYPE) |
| **ALLISON BAVER** | MANDATORY NON-BINDING ARBITRATION (MNA) _____ |
| v. | Name and Status of Party filing document: |
| **FOX CORPORATION,** | **Plaintiff Allison Baver "Pro Se"** |
| **FOX NEWS NETWORK, LLC,** | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| **MEGAN HENNEY** | **Complaint** |
| | JURY DEMAND: YES **X** NO _____ |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS: |
|---|---|
| ATTORNEY ID(S): | |
| FIRM NAME: **Allison Baver "Pro Se"** | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: Allison Baver c/o Allison Baver Entertainment LLC, LEGALINC CORPORATE SERVICES INC. 131 Continental Dr. Suite 305 Newark, DE 19713 | |
| TELEPHONE NUMBER: (323)879-8441 | |
| FAX NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| E-MAIL ADDRESS: media@allisonbaver.com | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

EFiled: May 28 2024 11:29AM EDT
Transaction ID 73241479
Case No. N24C-05-262 FJJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALLISON BAVER,

    Plaintiff,

v.

FOX CORPORATION,
FOX NEWS NETWORK, LLC,
MEGAN HENNEY,

    Defendant.

N24C-05 262 FJJ
Civil Action No.

## PRAECIPE

**PLEASE ISSUE** a Summons to the Sheriff of New Castle County to serve the Complaint upon the Defendants: Fox Corporation c/o c/o The Corporation Trust Company Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19081; Fox News Network, LLC c/o The Corporation Trust Company Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19081; and, Fox News Network, LLC ATTN: Megan Henney c/o The Corporation Trust Company Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Dated: May 17, 2024

Respectfully submitted,

Allison Baver

/s/Allison Baver

Allison Baver
c/o Allison Baver Entertainment
LEGALINC CORPORATE
SERVICES INC
131 Continental Dr. Suite 305
Newark, DE 19713
Tel: (323)879-8441
media@allisonbaver.com

*Pro Se*

EFiled: May 28 2024 11:29AM EDT
Transaction ID 73241479
Case No. N24C-05-262 FJJ

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ALLISON BAVER,<br><br>    Plaintiff,<br><br>v.<br><br>FOX CORPORATION,<br>FOX NEWS NETWORK, LLC,<br>MEGAN HENNEY,<br><br>    Defendant. | Civil Action No. N24C-05-262 FJJ |

THE STATE OF DELAWARE,

TO THE SHERIFF OF Wilmington County:

YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Allison Baver, Plaintiff *Pro Se*, whose address is Allison Baver c/o Allison Baver Entertainment, LLC, LEGALINC CORPORATE SERVICES INC. 131 Continental Dr. Suite 305 Newark, DE 19713 an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint.

Dated:

_____
Prothonotary

_____
Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

_____
Prothonotary

_____
Per Deputy

Rev:02/20