# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **ALLISON BAVER**, | |
| *Plaintiff,* | Civil Action No.: 1:24-cv-00641 |
| v. | District Judge Jennifer L. Hall |
| **FOX CORPORATION, FOX NEWS NETWORK, LLC, and MEGAN HENNEY**, | |
| *Defendants.* | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT OR, IN THE ALTERNATIVE, <u>MOTION FOR AN EXTENSION OF TIME</u>

**OF COUNSEL:**

Patrick F. Philbin (*pro hac vice*)
Kyle T. West (*pro hac vice*)
Chase T. Harrington (*pro hac vice*)
**TORRIDON LAW PLLC**
801 Seventeenth Street NW
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com
kwest@torridonlaw.com
charrington@torridonlaw.com

John L. Reed (DE Bar I.D. No. 3023)
**DLA PIPER LLP (US)**
1201 N. Market Street
Suite 2100
Wilmington, DE 19801
(302) 468-5700
john.reed@us.dlapiper.com

*Attorneys for Defendants Fox Corporation, Fox News Network, LLC, and Megan Henney*

DATED: April 17, 2026

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF THE ARGUMENT ....................................................................................... 3

ARGUMENT ......................................................................................................................... 4

I. The Court Should Deny the Motion for Leave, Both Because Amendment Would be Futile, and Because the Motion Will Occasion Further Undue Delay ............................ 4

II. The Second Amended Complaint is Fatally Defective and Should Be Dismissed with Prejudice. ................................................................................................................ 9

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE(S)**

*Abdullah v. Small Bus. Banking Dep't of Bank of Am.*,
   628 F. App'x 83 (3d Cir. 2016) ....................................................................................10

*In re Ameriking, Inc.*,
   No. 02-13515, 2006 WL 539006 (Bankr. D. Del. Mar. 2, 2006) ..............................7

*Atwood v. State Farm Fire & Cas. Co.*,
   No. 1:13-cv-1000, 2014 WL 4955226 (M.D. Pa. Oct. 1, 2014) ................................8

*Baumgardner v. Ebbert*,
   535 F. App'x 72 (3d Cir. 2013) ...................................................................................5

*Brooks-McCollum v. Emerald Ridge Serv. Corp.*,
   563 F. App'x 144 (3d Cir. 2014) .................................................................................6

*Budhun v. Reading Hosp. & Med. Ctr.*,
   765 F.3d 245 (3d Cir. 2014).........................................................................................6

*Chestnut v. Finck*,
   722 F. App'x 115 (3d Cir. 2018) .................................................................................8

*Citizens Bank of Pennsylvania v. Reimbursement Techs., Inc.*,
   No. 12-cv-1169, 2014 WL 2738220 (E.D. Pa. June 17, 2014)...................................5

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
   252 F.3d 267 (3d Cir. 2001).........................................................................................8

*DuPree v. Doe 1*,
   2013 WL 1335790 (D. Del. Mar. 29, 2013) ...............................................................6

*Fatir v. Phelps*,
   2022 WL 1265512 (D. Del. Apr. 28, 2022)................................................................7

*Foman v. Davis*,
   371 U.S. 178 (1962)......................................................................................................4

*Gold v. Ford Motor Co.*,
   937 F. Supp. 2d 526 (D. Del. 2013).............................................................................7

*Greiser v. Drinkard*,
   516 F. Supp. 3d 430 (E.D. Pa. 2021) ..........................................................................7

*Hurst v. City of Rehoboth Beach*,
   2005 WL 823867 (D. Del. Mar. 31, 2005) ...................................................................5

*Johnson v. Burris*,
   339 F. App'x 129 (3d Cir. 2009) (per curiam) ............................................................7

*McDaniel v. United States Postal Serv.*,
   2025 WL 1549141 (D.N.J. May 30, 2025) ...................................................................5

*McKeither v. Folino*,
   540 F. App'x 76 (3d Cir. 2013) ...................................................................................5

*Mill Bridge V, Inc. v. Benton*,
   496 F. App'x 170 (3d Cir. 2012) .................................................................................8

*Murphy v. Off. of Disciplinary Couns.*,
   820 F. App'x 89 (3d Cir. 2020) .............................................................................5, 6, 7

*Shane v. Fauver*,
   213 F.3d 113 (3d Cir. 2000) (Alito, J.) .......................................................................7

*Spartan Concrete Prods., LLC v. Argos USVI, Corp.*,
   929 F.3d 107 (3d Cir. 2019)..................................................................................7, 8, 9

*Talley v. Wetzel*,
   15 F.4th 275, 278 (3d Cir. 2021) .................................................................................7

## OTHER AUTHORITIES

6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
   Procedure § 1487 (2d ed. 2010).................................................................................5

Federal Rule of Civil Procedure 7(b)...............................................................................5

Federal Rule of Civil Procedure 15(a)(2) .....................................................................4, 6

Local Rule 7.1.1 .........................................................................................................3, 4, 9

Local Rule 7.1.2(b) ..........................................................................................................1

Local Rule 15.1 .............................................................................................................3, 6

## INTRODUCTION

This case was removed to this Court twenty-three months ago and it has not meaningfully progressed since then.  Instead, Plaintiff has consistently delayed any attempts to advance the case, including through a refusal to effectuate service, to respond to motions to show cause, or to respond to two motions to dismiss.  Throughout, Plaintiff has established a practice of waiting until the deadline for a filing and then, on the day of the deadline, asking for an extension of time.  In granting Plaintiff the most recent extension, this Court expressly warned that "[n]o further extensions will be granted."  D.I. 76.  Notwithstanding that clear directive, Plaintiff has again sought an extension on the due date, now with the excuse that she had retained counsel *two weeks earlier*—ample time for an experienced lawyer to respond to the motion to dismiss.  Indeed, two weeks is the default deadline under the Local Rules to respond to such a motion.  L.R. 7.1.2(b). The Court should end this abusive litigation conduct and dismiss Plaintiff's claims with prejudice.

## NATURE AND STAGE OF THE PROCEEDINGS

Over two years ago, in January 2024, Plaintiff sued Fox Corporation, other Fox entities, and Megan Henney in Delaware state court.  D.I. 1.  Before any defendant was served, Fox and Ms. Henney removed the case to this Court on May 30, 2024.  *Id.*  After removal, the Court issued three separate orders directing Plaintiff to show cause why the action should not be dismissed for failure to effect service.  On September 19, 2024, the Court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute and set a deadline of October 21, 2024 for her response.  D.I. 5.  On October 22, 2024, the Court received a response from Plaintiff requesting a 120-day extension.  D.I. 6.  The Court denied that request and ordered Plaintiff to show cause within 14 days. D.I. 7.  Although that order was originally sent to the wrong address, a corrected mailing went out on November 13, 2024.  Thirteen days later, on November 26, the court received yet another motion for an extension, this time seeking an additional 30 days.  D.I.

9. The Court ordered Plaintiff to respond to the show cause order by December 11, 2024. D.I. 10. At no point during this process did Plaintiff attempt to serve any of the Defendants.

On December 11, 2024—again, the date Plaintiff's response was due—Plaintiff filed a First Amended Complaint and moved for an additional 60 days to serve it on Defendants. D.I. 11, 12. Defendants filed an opposition on December 16, 2024. D.I. 17. On December 26, instead of filing a reply, Plaintiff filed a motion seeking yet another 30-day extension. D.I. 18.

A round of briefing on frivolous motions for default and motions to strike—both filed by Plaintiff—followed. D.I. 21–29. This delayed the case an additional three months—accompanied by yet another last-minute motion for an extension by Plaintiff, D.I. 27—before the Court entered an order directing Plaintiff to effectuate service by June 6, 2025, D.I. 30. Plaintiff served Defendants Fox News and Fox Corp. on the last day of this period but failed to serve Defendant Megan Henney and, again, moved for an extension. D.I. 34, 35. Ms. Henney waived service in hopes of expediting the litigation. D.I. 38.

Defendants then moved to dismiss the First Amended Complaint on August 8, 2025. D.I. 48. Plaintiff has delayed responding to this motion for over eight months.

On the date her responsive brief was due, Plaintiff moved for a 30-day extension. D.I. 51. The Court granted the request and ordered Plaintiff to respond by September 26, 2025. D.I. 52. One day before that deadline, Plaintiff moved for an indefinite stay of proceedings or, alternatively, a 180-day extension. D.I. 56. The Court granted Plaintiff an additional extension, directing her to "file a responsive brief" by December 31, 2025. D.I. 60. Although the Court warned Plaintiff that "failure to file a responsive brief will result in Defendants' motion being granted as unopposed," Plaintiff's eventual response, filed on December 31, contained no substantive response to

Defendants' motion and instead sought leave to file a Second Amended Complaint. D.I. 61 at 2. The Court granted that motion. D.I. 62.

Plaintiff filed a Second Amended Complaint on January 23, 2026. D.I. 63. Defendants again moved to dismiss. D.I. 68. On March 3, the day Plaintiff's response was due, the Court received yet another request for an extension, this time seeking 45 days. D.I. 72. The next day, the court granted the extension in part and allowed Plaintiff a 22-day extension, with a new deadline of March 25. D.I. 73. Two days before that period expired, the Court received yet another request for an extension, seeking yet another 21 days (essentially, seeking a total extension of 43 days, despite the court's clear denial of her request for a 45-day extension the month before). D.I. 74. Nonetheless, the Court granted the motion and ordered Plaintiff to finally respond to Defendants' Motion to Dismiss by April 15, 2026. D.I. 76. The order cautioned that "[n]o further extensions will be granted." *Id.*

Rather than comply with the Court's order and respond to Defendants' Motion to Dismiss, Plaintiff retained counsel on April 1. But then, instead of responding through counsel to the motion by the deadline, which was then still two weeks away—ample time for experienced counsel to prepare an opposition brief—Baver waited until the deadline and moved for yet another extension—either to file a Third Amended Complaint or to respond to the pending Motion to Dismiss. D.I. 77. In violation of Local Rule 7.1.1, Plaintiff's counsel did not consult with Defendants during the two weeks between his retention and filing this motion.

## SUMMARY OF THE ARGUMENT

Plaintiff's motion for leave to file a Third Amended Complaint is meritless. First, Plaintiff fails to identify any proposed amendments or to attach a draft amended pleading, in violation of Local Rule 15.1 and settled Third Circuit law requiring a movant to explain how amendment would cure the defects in the operative complaint. Second, amendment would be futile because Plaintiff's

3

claims are barred by threshold legal doctrines—including the statute of limitations—that cannot be overcome through repleading. Third, Plaintiff's request is marked by undue delay and dilatory motive: she refused to serve the original Complaint on Defendants for over six months (and, in fact, never served it); only moved to file her First Amended Complaint after the Court's third show cause order for her failure to serve the Defendants; sought leave to file the Second Amended Complaint only after Defendants' first motion to dismiss the FAC had been pending for five months; and dragged out responding to Defendants' second Motion to Dismiss for an additional three months before finally, and without cause, filing a motion for leave to amend at the last possible moment. This attempt to further delay resolution of the case directly conflicts with this Court's warning that "[n]o further extensions will be granted." D.I. 76. Plaintiff's motion is meritless and provides no justification further delaying this litigation in favor of frivolous claims that will not survive a motion to dismiss. Plaintiff's failure to comply with Local Rule 7.1.1 also requires denial of her motion. The motion for leave to amend, or for an extension, should be denied and the Court should dismiss the case with prejudice.

## **ARGUMENT**

### I.      The Court Should Deny the Motion for Leave, Both Because Amendment Would be Futile, and Because the Motion Will Occasion Further Undue Delay.

The Court should deny Plaintiff's motion for leave to file a Third Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). D.I. 61 at 1–2. Rule 15(a)(2) provides that a party may amend a pleading with "the court's leave," Fed. R. Civ. P. 15(a)(2), but courts may deny leave to amend when amendment would be "futil[e]" or "when there is undue delay, bad faith, or dilatory motive . . . [or] repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

All of those factors apply in this case and warrant denying leave to amend.

4

*First*, Plaintiff—now represented by counsel—fails to offer even a hint as to what changes she would make in the Third Amended Complaint, which demonstrates the futility of any further amendment and requires that her motion be denied. Even where a case involves a pro se plaintiff, when "the content of Plaintiff's proposed amendments is entirely unclear from his motion" the Court "must deny" leave to amend. *Hurst v. City of Rehoboth Beach*, No. 03-cv-362, 2005 WL 823867, at \*4 (D. Del. Mar. 31, 2005) (quoting Fed. R. Civ. P. 7(b)) (denying pro se litigant leave to amend); *see also Murphy v. Off. of Disciplinary Couns.*, 820 F. App'x 89, 93 (3d Cir. 2020) (denying leave to amend "because [pro se plaintiff] Murphy has not explained how any amendment could overcome the immunities that bar almost all of his claims."); *McDaniel v. United States Postal Serv.*, No. 24-cv-10537, 2025 WL 1549141, at \*1 (D.N.J. May 30, 2025) (denying leave to amendment due to pro se "[p]laintiff's failure to articulate the nature of his proposed amendment"). Plaintiff's five-page motion offers nothing more than the *ipse dixit* that her proposed amendment will "seek[] to address the alleged deficiencies in her Second Amended Complaint." D.I. 77 at 5. That conclusory assertion is insufficient. Now that Plaintiff has retained counsel, it follows *a fortiori* that a motion for leave to amend without any explanation of the proposed amendments is deficient and must be denied.

Courts in the Third Circuit are especially skeptical of third attempts to amend and routinely find that such repeated failures to cure deficiencies demonstrate the futility of allowing further amendment. *McKeither v. Folino*, 540 F. App'x 76, 79 n.6 (3d Cir. 2013) (pro se plaintiff); *Baum-gardner v. Ebbert*, 535 F. App'x 72, 77 n.2 (3d Cir. 2013). Failure to cure deficiencies across an original and two amended complaints provides an independent "reason to deny plaintiff's motion for leave to amend." *Citizens Bank of Pennsylvania v. Reimbursement Techs., Inc.*, No. 12-cv-1169, 2014 WL 2738220, at \*9 (E.D. Pa. June 17, 2014); *see also accord* 6 Charles A. Wright,

5

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 2010) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied.").

Compounding this deficiency, Plaintiff also failed to attach a proposed Third Amended Complaint to her motion in violation of Local Rule 15.1. *See* L.R. 15.1 (requiring motions to amend to "attach . . . [t]he proposed pleaded as amended"). "Failure to supply a draft amended complaint is an adequate basis for denying leave to amend." *See Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147-48 (3d Cir. 2014) (affirming denial of "leave to amend because [pro se plaintiff] failed to comply with D. Del. Local Rule 15.1"); *see, e.g.*, *Murphy*, 820 F. App'x at 93 n.9 ("The District Court also acted well within its discretion in denying leave to amend because [pro se plaintiff] did not provide a proposed amended complaint to the District Court"); *DuPree v. Doe 1*, No. 10-cv-351, 2013 WL 1335790, at *2 (D. Del. Mar. 29, 2013) (denying pro se plaintiff leave to amend and noting failure to attach proposed amendment). This requirement is not a technicality. Absent a proposed amended pleading, there is no way for the Court to conclude that amendment would not be futile and thus no way for the Court properly to conclude that leave to amend is warranted. A motion for leave to amend without a proposed amended pleading (or any explanation of the amendments that would be made) amounts to nothing more than a wholly unjustified request for a further extension of time that will serve no purpose other than delay.

Second, it is clear from the nature of the Plaintiff's claims that any amendment would be futile on the merits. "Although a court should grant such leave freely 'when justice so requires,' a court may deny leave to amend when such amendment would be futile." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). "'Futility'

6

means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (Alito, J.); *see, e.g.*, *Gold v. Ford Motor Co.*, 937 F. Supp. 2d 526, 531 (D. Del. 2013) (denying leave to amend where proposed second amended complaint still failed to plead private right of action, causality, and scienter); *Fatir v. Phelps*, No. 18-cv-1549, 2022 WL 1265512, at *1 (D. Del. Apr. 28, 2022) (same).

Here, it is plain on the face of the current complaint that Plaintiff fails to state a claim for defamation, defamation per se, tortious interference with prospective economic relations, or false light invasion of privacy because all these claims are time-barred. That deficiency is dispositive and incurable. *See Murphy*, 820 F. App'x at 92 ("Repleading is futile when the dismissal was . . . based on some legal barrier other than want of specificity or particularity."); *see, e.g.*, *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 439 (E.D. Pa. 2021) (denying pro se plaintiff leave to amend time-barred defamation claim on futility grounds); *In re Ameriking, Inc.*, No. 02-13515, 2006 WL 539006, at *2 (Bankr. D. Del. Mar. 2, 2006) (denying amendment as futile because claim was time-barred). These claims also fail because the challenged Article accurately described the indictment and thus is substantially true, and the Article was also a fair report of a government proceeding entitled to protection under the First Amendment. These doctrines foreclose liability regardless of how the allegations are repackaged, and no amount of additional factual detail can overcome them. *See Talley v. Wetzel*, 15 F.4th 275, 278 (3d Cir. 2021); *Murphy*, 820 F. App'x at 93; *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (per curiam) (affirming denial of pro se plaintiff request to amend due process claim because amendment would fail to state a claim).

Third, Plaintiff's request is marked by both "undue delay" and "dilatory motive." *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). "Undue delay is

protracted and unjustified—it can . . . show a lack of diligence sufficient to justify a discretionary denial of leave." *Id.* (quotations omitted).  Delay can be undue "when a movant has had previous opportunities to amend a complaint."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of leave to amend and noting, among other things, that "the factual information on which the proposed amendment relied was known almost two-and-a-half years before plaintiffs sought leave"); *see, e.g.*, *Chestnut v. Finck*, 722 F. App'x 115, 118 (3d Cir. 2018) (affirming denial of pro se plaintiff motion to amend for "unreasonable delay" where it was "filed fourteen months after his original complaint" and "did not assert any facts that were una- vailable when he filed his original complaint").  Repeated amendments that fail to address the complaint's shortcomings can also demonstrate undue delay.  *Mill Bridge V, Inc. v. Benton*, 496 F. App'x 170, 173 (3d Cir. 2012).

Here, Plaintiff waited six months after removal before seeking leave to file her First Amended Complaint.  She waited another *year* before seeking leave to amend that complaint.  And she waited a further four months before seeking leave to amend a third time.  Despite this, she does not claim—let alone explain—that any new facts have emerged or that previously unavailable information necessitates amendment.  *See Atwood v. State Farm Fire & Cas. Co.*, No. 1:13-cv- 1000, 2014 WL 4955226, at *3 (M.D. Pa. Oct. 1, 2014) (dilatory motive "apparent when the mo- tion attempts to plead additional information that was previously available, and the plaintiff fails to provide an explanation as to why the information was not included in the original complaint").  Moreover, this latest attempt to delay flouts this Court's order, from just last month, stating that "[n]o further extensions will be granted."  D.I. 76.  Rather than comply, Plaintiff now seeks yet another extension—styled as a request for leave to amend—and asks for "additional time" of

8

thirty-five days to prepare an amended complaint, a maneuver that would effectively reset the briefing schedule and push resolution of Defendants' motion well into the summer.

Under these circumstances, Plaintiff's unexplained delay provides an independent and sufficient basis to deny leave to amend. *See Spartan Concrete Prods.*, 929 F.3d at 117 ("[U]ndue delay, on its own, suffices to affirm the Court's denial of Spartan's motion to amend."). It does not matter that Plaintiff asserts she retained counsel only fourteen days ago. Plaintiff has had ample opportunity over the last two years to retain counsel. Her decision not to secure counsel until fourteen days before her deadline provides no justification for further delay. Fourteen days, moreover, is the standard time for replying to a motion to dismiss under the Local Rules. Plaintiff provides no explanation as to why counsel—an experienced lawyer whose firm lists defamation as a primary practice area—could not provide *any* substantive indication of the purported changes that would be made in a Third Amended Complaint or how any changes could address the threshold legal deficiencies in the Second Amended Complaint.[1]

## II.    The Second Amended Complaint is Fatally Defective and Should Be Dismissed with Prejudice.

The Court should rule on the pending Motion to Dismiss without any further delay and dismiss this suit with prejudice.

Over eight months ago, Fox and Ms. Henney moved to dismiss Plaintiff's First Amended Complaint on multiple grounds: the suit is time-barred because the original complaint was filed one year after the limitations period expired; the challenged Article is a substantially true account of Plaintiff's indictment; Plaintiff fails to plausibly allege that Fox or Ms. Henney acted with the

---

[1] Plaintiff's failure to consult with Defendants and seek agreement regarding her nondispositive motion for leave and motion for extension independently require dismissal of her motion. L.R. 7.1.1; Dkt. Entry (Apr. 16, 2026).

requisite degree of fault; and the Article is a fair report of government proceedings to boot. *See* Mem. ISO Mot. to Dismiss 7-22. The arguments in the pending Motion to Dismiss the Second Amended Complaint are substantively identical. D.I. 69. Although she has been given ample time to respond to these arguments, Plaintiff has still failed to provide any substantive response addressing the deficiencies in her claims. Defendants will not reiterate the same points that Plaintiff has failed to contest. The Court should accordingly dismiss this suit on the merits and grant the Motion to Dismiss.

Alternatively, the Court could also grant the Motion to Dismiss as unopposed. The Court ordered Plaintiff to file a response to the Motion to Dismiss "on or before April 15, 2026." D.I. 76. The Court expressly warned Plaintiff that "[n]o further extensions will be granted." *Id.* Plaintiff did not comply with that Order. Instead of filing a responsive brief, she asked the Court to defer consideration of the Motion to Dismiss so that she can amend her pleading. And she did not even offer the amended pleading. Instead, she asked for exactly what the Court warned she could not have—a further extension of time.

As explained, *supra* Part I, her request for an amendment is baseless and no more than an attempt to prolong meritless litigation. Plaintiff's response does not comply with the Court's order, which could not have been clearer that Plaintiff must file a responsive brief addressing the Motion to Dismiss or have her case dismissed. Plaintiff's new counsel had two weeks to prepare a responsive brief or confer with Defendants' counsel but failed to do either. Consistent with its March 24 Order, the Court should grant the Motion to Dismiss as unopposed and dismiss Plaintiff's Second Amended Complaint with prejudice. *See, e.g.*, *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 (3d Cir. 2016) (affirming dismissal granted as unopposed where pro se plaintiff's only response to the motion was to seek remand to state court).

10

## **CONCLUSION**

Plaintiff's motion for leave to file a third amended complaint should be denied, as should her motion for an extension of time to file a response to Defendants' Motion to Dismiss. The Motion to Dismiss should be granted, and Plaintiff's claims should be dismissed with prejudice. Plaintiff's Second Amended Complaint fails to state a claim, and in any event the Motion to Dismiss can be granted as unopposed due to Plaintiff's failure to comply with the Court's order requiring her to file an opposition by April 15.

DATED:  April 17, 2026

**OF COUNSEL:**

Patrick F. Philbin (*pro hac vice*)
Kyle T. West (*pro hac vice*)
Chase T. Harrington (*pro hac vice*)
**TORRIDON LAW PLLC**
801 Seventeenth Street NW
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com
kwest@torridonlaw.com
charrington@torridonlaw.com

**DLA PIPER LLP (US)**

/s/ *John L. Reed*
John L. Reed (Bar No. 3023)
1201 N. Market Street
Suite 2100
Wilmington, DE 19801
(302) 468-5700
john.reed@us.dlapiper.com

*Attorneys for Defendants Fox Corporation, Fox News Network, LLC, and Megan Henney*

11